**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD HELMICK,

        Plaintiff-Appellee,

v.

UTAH VALLEY STATE COLLEGE; TOM
McFARLAND; LARRY MARSING,

        Defendant-Appellants.

No. 09-4139

(D. Utah)

(D.C. No. 2:07-CV-00355-JTG)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **O'BRIEN**, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. The oral argument scheduled
for Thursday, September 23, 2010, is vacated, and counsel are excused from
attendance.

---

    [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I. Introduction

Edward Helmick sued his former employer, the Utah Valley State College ("UVSC"), and two UVSC administrators, Tom McFarland and Larry Marsing, under the Age Discrimination in Employment Act (ADEA) and 42 U.S.C. § 1983. Defendants filed a motion to dismiss and the district court concluded it lacked subject matter jurisdiction over the ADEA claims brought against UVSC and the individual defendants in their official capacities because Defendants were entitled to Eleventh Amendment immunity with respect to these claims. The district court also concluded Helmick's § 1983 claims were not cognizable independent of the ADEA, and that the two UVSC administrators were entitled to qualified immunity from Helmick's § 1983 claims against them in their individual capacities. Instead of dismissing the case, however, the district court remanded Helmick's claims against UVSC, McFarland, and Marsing to the Utah Anti-Discrimination and Labor Division ("UALD") for reconsideration pursuant to Utah Code Ann. § 34A-5-107 and § 63G-4-203. Defendants timely appealed. Exercising jurisdiction under 28 U.S.C. § 1291,[1] this court **REVERSES** the district court's remand order, and **REMANDS** to the district court with instructions to dismiss Helmick's complaint in its entirety.

---

[1]This appeal is not precluded by 28 U.S.C.A. § 1447(d) because this case was originally filed in federal court; it was not removed from state court.

## II. Background

Helmick was employed as a flight instructor at UVSC beginning in 2005. In 2006, he was not hired for a new faculty position and his request to teach specific classes was denied. He was 60 years old at the time.

In response, Helmick filed an age discrimination claim with the UALD and the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter in 2007. Helmick then withdrew his claim with the UALD and filed a complaint in federal court alleging ADEA claims against UVSC. Helmick later amended his complaint to include additional claims against the two UVSC administrators under both the ADEA and 42 U.S.C. § 1983.

Defendants filed a motion to dismiss Helmick's claims with prejudice. They argued that UVSC, as well as the individual defendants in their official capacities, were entitled to Eleventh Amendment immunity from Helmick's ADEA claims. Further, they contended Helmick's § 1983 claims failed because the ADEA was the exclusive remedy for age discrimination, and that McFarland and Marsing enjoyed qualified immunity from Helmick's § 1983 claims against them in their individual capacities. The district court agreed, concluding it lacked subject matter jurisdiction over Helmick's ADEA claims because of the Eleventh Amendment. Further, it concluded Helmick's § 1983 claims were not cognizable independent of the ADEA, and that the two UVSC administrators were entitled to qualified immunity from being sued in their individual capacities. Instead of

dismissing the case, however, the district court granted Helmick fifteen days to file a motion to remand to state court for further proceedings. Helmick then filed a motion requesting remand of his claims against UVSC, McFarland, and Marsing to the UALD which the district court granted. Defendants appeal from this remand order.[2]

## III. Analysis

Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." As noted, in their motion to dismiss, Defendants contended they were entitled to Eleventh Amendment immunity from Helmick's ADEA claims. In this circuit, "an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Accordingly, when the district court determined Helmick's ADEA claims were barred by the Eleventh Amendment, it should have dismissed them pursuant to Fed. R. Civ. P. 12(h)(3), not remanded them to the UALD.

Further, the district court remand order also erred in remanding Helmick's remaining claims against McFarland and Marsing. In its ruling on the merits, the district court determined that Helmick's claims against the two UVSC administrators failed on the merits. In light of this merits determination, which

---

[2]Neither party appeals from the district court's underlying substantive ruling on the merits of UVSC's motion to dismiss.

Helmick does not challenge on appeal, the district court should have dismissed Helmick's claims against McFarland and Marsing with prejudice, rather than conditioning their dismissal on Helmick's filing of a motion to remand.

## IV. Conclusion

For the foregoing reasons, this court **REVERSES** the district court's remand order, and **REMANDS** to the district court with instructions to dismiss Helmick's ADEA claims for lack of subject matter jurisdiction, and to dismiss his remaining claims against McFarland and Marsing for substantially the reasons stated in the district court's ruling on the merits.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge